UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE A. SERPA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　Defendant. | Case No.: 1:25-cv-00867-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION AS DUPLICATIVE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Jesse A. Serpa is appearing pro se in this civil rights action.

**I.    INTRODUCTION**

This action was transferred from the Sacramento division on July 16, 2025 (Doc. 9) and redesignated a civil rights action on July 18, 2025 (Doc. 11).

A review of the complaint filed on July 3, 2025, reveals this action to be duplicative of an earlier filed action pending in the Fresno division. As a result, the undersigned will recommend this action be dismissed as duplicative.

**II.    DISCUSSION**

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be

dismissed as frivolous or malicious under section 1915(e). *See Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. *Adams*, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689 (citations omitted).

Here, Plaintiff asserts Eighth Amendment sexual assault and Fourth Amendment unreasonable search claims. (Doc. 8 at 3-4.) He alleges "Unknown" or "Jon Doe," a third watch security and escort officer, sexually assaulted and improperly searched him on the evening of June 4, 2024, while he was housed at California State Prison, Corcoran (CSP-Corcoran). (*Id.*) Plaintiff was patted down, handcuffed and escorted from one part of the prison to another. (*Id.*) The assault and unreasonable search allegedly occurred outside the perimeter gate of the intended destination. (*Id.*)

In an earlier filed action titled *Serpa v. Unknown*, case number 1:24-cv-01542-EPG (*Serpa* I), Plaintiff asserted nearly identical claims. (*See* 25-1542 Docket, No. 1.) The complaint 1:24-cv-01542-EPG was screened[1] by Magistrate Judge Erica P. Grosjean (25-1542 Docket No. 9), who found Plaintiff plausibly stated Eighth Amendment sexual assault and Fourth Amendment unreasonable search claims. (*Id.*) Service of process efforts are underway. (25-1542 Docket, Nos. 10-16.)

Both actions involve an unknown search and escort officer operating at CSP-Corcoran on the evening of June 4, 2024. In each case, Plaintiff alleges the officer put his hand in Plaintiff's

---

[1] The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a prisoner or plaintiff proceeding *in forma pauperis* has raised claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

1  boxers, moving Plaintiff's genitalia from side to side and causing pain, without warning or
2  consent. Plaintiff further asserts the officer put his hand between Plaintiff's buttocks before
3  pulling his hand out roughly and causing additional pain. In both cases, Plaintiff alleges he had
4  already undergone a pat down search before the escort and that there was no basis for a body
5  cavity search. Plaintiff also seeks similar relief in each case. In *Serpa I*, Plaintiff seeks $50,000 in
6  compensatory damages, punitive damages, and damages for emotional distress pursuant to "§
7  1997e(e)," and in *Serpa II*, Plaintiff seeks $50,000 in damages.
8     In sum, a comparison of the complaints filed in *Serpa I* and *Serpa II* reveals this action is
9  duplicative of the earlier action and should therefore be dismissed. *Adams*, 487 F.3d at 688, 692;
10 *Cato*, 70 F.3d at 1105.

11     **III.     CONCLUSION AND RECOMMENDATION**

12     Based on the foregoing, the Court **HEREBY ORDERS** the Clerk of the Court to assign a
13 District Judge to this action.
14     For the reasons set forth above, the Court **HEREBY RECOMMENDS** that this action be
15 **DISMISSED** without prejudice.
16     These Findings and Recommendations will be submitted to the United States District
17 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**
18 after being served with a copy of these Findings and Recommendations, a party may file written
19 objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to
20 Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages**
21 without leave of Court and good cause shown. The Court will not consider exhibits attached to
22 the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference
23 the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise
24 reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation
25 may be disregarded by the District Judge when reviewing these Findings and Recommendations
26 under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time
27 //
28 //

3

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **July 21, 2025**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE